IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RONALD TROXTEL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 02-PT-2338-M |
| ) | |
| FARMERS TELEPHONE COOPERATIVE ) | |
| INC., OF RAINSVILLE, ALABAMA, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendant Farmers Telephone Cooperative, Inc.'s ("Farmers") Motion to Strike, filed on February 18, 2004.

**FACTS AND PROCEDURAL HISTORY**

On September 23, 2002, plaintiff Ronald Troxtel ("Troxtel") filed a complaint against Farmers, alleging violations of the Age Discrimination in Employment Act ("ADEA"). Specifically, Troxtel alleges that Farmers failed to hire him for an open position because of his age and instead hired a nineteen-year-old, less qualified candidate. Among other things, plaintiff requests an award of "compensatory damages, including mental anguish, back pay and front pay . . ." and "punitive damages for the wanton and willful actions of the defendant." *See* Compl. ¶ 11(c)-(d).

On July 22, 2003, defendant filed a motion for summary judgment. On September 8, 2003, this court denied defendant's motion for summary judgment but certified the case for appeal to the Eleventh Circuit pursuant to 28 U.S.C. 1292(b). On October 24, 2003, the Eleventh Circuit denied permission to appeal.

**ARGUMENTS**

I. **Defendant's Motion**

Farmers requests a court order striking plaintiff's claims for both punitive damages and compensatory damages for mental anguish. Such relief, defendant asserts, is not recoverable under the ADEA. Defendant relies upon *Pettis v. Brown Group Retail*, 896 F. Supp. 1163, 1165 (N.D. Fla. 1995)("Neither punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA.")(citing *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1446 (11th Cir.), *cert. denied*, 474 U.S. 1005 (1985)).[1] In fact, Farmers argues, compensatory damages in ADEA actions are limited to "items of pecuniary or economic loss such as wages, fringe, and other job-related benefits." *See Goldstein*, 758 F.2d at 1446 (citation omitted).[2]

Finally, Troxtel contends:

> The Eleventh Circuit . . . has made the distinction between compensatory and liquidated, i.e., punitive, without the necessity of utilizing those exact terms, although it sometimes does. In *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041 (11th Cir. 1989), the Court noted that "a jury found that Mr. Verbraeken's age was a determinative factor in his layoff from employment by Westinghouse, and awarded him $ 99,446.00 in compensatory damages." 881 F.2d at 1044. The Court held that the District Court's denial of Appellant's Motion for Judgment Notwithstanding the Verdict was affirmed with respect to "compensatory damages." 881 F.2d at 1047.

---

[1] *See also Naton v. Bank of California*, 649 F.2d 691, 699 (9th Cir. 1981)(pain and suffering); *Slatin v. Stanford Research Institute*, 590 F.2d 1292, 1296 (4th Cir. 1979)(pain and suffering); *Vasquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 112 (1st Cir. 1978)(pain and suffering); *Pfeiffer v. Essex Wire Corp*, 682 F.2d 684, 688 (7th Cir.), *cert. denied*, 459 U.S. 1039 (1982)(pain and suffering and punitive damages).

[2] Such items, defendant observes, are referred to as "concomitants of employment." *Id.* (limiting ADEA compensatory recovery to items found to be concomitants of employment). *See also Commission v. Schleier*, 515 U.S. 323, 336 (1995)("Monetary remedies under the ADEA are limited to back wages, which are clearly of an 'economic character,' and liquidated damages . . . .")

2

## II.  Plaintiff's Response

The motion to strike, Troxtel argues, is due to be denied.[3] However, plaintiff admits, neither punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA. However, plaintiff highlights the availability of liquidated damages[4] when an employer "willfully" violates the Act. *See Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1096 (11th Cir. 1987). Plaintiff relies upon *TransWorld Airlines v. Thurston*, 469 U.S. 111 (1985), in which the Supreme Court held that an ADEA violation is willful if "the employer either knew or showed reckless disregard for the matter and whether its conduct was prohibited by the ADEA." Pursuant to *Lindsey*, plaintiff emphasizes, a recovery of liquidated damages does not require proof of outrageous conduct. Furthermore, plaintiff argues, *Lindsey* held that "prejudgment interest is an available remedy in ADEA cases."[5]

Among the types of compensatory damages available to prevailing plaintiffs in ADEA cases, Troxtel argues, are front pay,[6] back pay upon a finding of discrimination,[7] court costs (such as

---

[3] The Rule 12(f) motion to strike, Troxtel contends, is untimely. Rule 12(f) of the Federal Rules of Civil Procedure provides: "<u>Motion to Strike.</u> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the serving of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

[4] Troxtel deems liquidated damages "a more lenient form of punitive damages" and argues: "Liquidated damages are capped at twice the compensatory damages proven proximately arising from the prohibitive conduct. As such, Plaintiff's claims for compensatory damages are only to be stricken as those prohibited by the ADEA and punitive damages stricken to the extent of those damages available as liquidated damages under the ADEA."

[5] The *Lindsey* court stated: "ADEA liquidated damages awards punish and deter violators, while FLSA liquidated damages merely compensate for damages that would be difficult to calculate. Therefore, awarding both prejudgment interest and liquidated damages in an ADEA case does not constitute double compensation."

[6] *See Goldstein* (determining that a front pay award in lieu of reinstatement within court's discretion).

[7] *See Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975). Additionally, the court notes, *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) confirms the availability of back pay under the ADEA.

3

docket fees, subpoena/witness fees, and necessary depositions), and fringe benefits.[8]

### III. Defendant's Reply

Defendant first notes plaintiff's concession that the ADEA does not allow punitive damages or compensatory damages for pain and suffering. As such, defendant argues, its motion is due to be granted. While not addressing back pay in its motion to strike, defendant now asserts: "Plaintiff will be unable to demonstrate any entitlement to back pay damages as he is now making as much or more than he would have made if he had been hired at Farmers. Further, his benefits offered by his two other employers have been equal to or greater than his benefits would have been at Farmers." Regarding liquidated damages, Farmers argues, the complaint did not contain a demand for liquidated damages, and a substantial distinction exists between statutory liquidated damages and punitive damages. Finally, Farmers contends, Troxtel provided no authority for his contention that the motion to strike is untimely.

### CONCLUSION OF THE COURT

The plaintiff has acknowledged that neither punitive damages nor compensatory damages for pain and suffering are recoverable. Thus, the motion will be granted. The court does not decide other issues not addressed by the motion.

This 18th of March, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] *See Blim v. Western Electric Co.*, 731 F.2d 1473, 1480 (10th Cir. 1984)(finding savings plans and social security benefits may be recovered). Fringe benefits, plaintiff argues, include medical coverage, pensions, and, in this case, phone service credits.